[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
This suit is the product of an agreement entered into by the plaintiff property owner and the defendant contractor on or about May 24, 2000. The plaintiff operates a horse farm where she boards horses and gives lessons and horseback rides.
The agreement is notable for what it does not say, rather than for what it does say. In it, Ex. A, the defendant agrees to "Replace all corall (sic) boards on entire farm and post where needed." The agreed upon price was $5300, of which the plaintiff paid $4800. CT Page 1078
The parties had their differences from the beginning of the project and each blames the other for the cessation of work. The plaintiff eventually hired someone else to do the work, but it appears that the subsequently completed project was beyond the scope of the work contemplated by the defendant and by the agreement.
As for the work actually done by the defendant, the plaintiff claims it was not properly performed and that the materials used were potentially harmful to the horses occupying the premises.
This four count complaint resulted
 DISCUSSION I
The plaintiff has abandoned her claim in the second count that the Home Improvement Act (HIA) is applicable. The court was prepared to find it was not. Since the third count alleges CUTPA violations arising from violations of the HIA, this count must fail.
The fourth count alleges fraud but the plaintiff produced no evidence to support such allegations.
Counts 2, 3, and 4 are dismissed and judgment may enter for the defendant on those counts.
 II
The remaining first count alleges a breach of contract. From the evidence produced at trial, the court concludes that the defendant's work was deficient in many respects. In addition to the plaintiff, the court heard Susan Doyle who was employed at the farm. She stated that the work was sporadic and the rails fell to the ground, that the posts installed leaned over and post holes were left in the ground.
Mr. Candido's testimony supports the claim that the TREX boards he used did not hold up and had to be re-nailed. He claimed that he was there daily and envisioned this project as a three day job but it just "grew."
In any event, his walking off the job and ignoring the plaintiffs calls do not indicate the behavior of one who has a contractual obligation.
 CONCLUSION
CT Page 1079
The court concludes the defendant breached the contract with the plaintiff by using inappropriate materials and installing the posts and rails in an unworkmanlike manner. The plaintiff is therefore entitled to recover for the sums she paid the defendant, $4800, for the rental of the Bobcat digger, $1530, and for a dumpster to remove the abandoned unsuitable material, $150.
The plaintiffs remaining claims for damages are not allowed as not having been proved. Judgment may enter for the plaintiff in the amount of $6480 plus taxable costs.
 ___________________ Anthony V. DeMayo, Judge Trial Referee